UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CARTER,

    Plaintiff,

                                    Case No. 11-12558

v.                                          Hon. Lawrence P. Zatkoff

PATRICK DONAHOE, POSTMASTER
GENERAL, and UNITED STATES POSTAL
SERVICE,

    Defendants.

                                           /

## **OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 21, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### **I. INTRODUCTION**

Plaintiff submitted his *pro se* complaint [dkt 1], application to proceed *in forma pauperis* [dkt 2], and application for appointment of counsel [dkt 3] on June 13, 2011.  For the following reasons, Plaintiff's request to proceed *in forma pauperis* is GRANTED and Plaintiff's application for appointment of counsel is DENIED.

### **II.  ANALYSIS**

**A.  Application to Proceed** *In Forma Pauperis*

Plaintiff has filed an application to proceed without prepayment of fees.  Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the

person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id*. at 261. The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court GRANTS Plaintiff's request to proceed *in forma pauperis* [dkt 2].

**B. Application for Appointment of Counsel**

Plaintiff has also requested that the Court appoint counsel on his behalf. "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citations omitted). Plaintiff has not shown exceptional circumstances exist that warrant the appointment of counsel exist in this case. Therefore, Plaintiff's application for appointment of counsel [dkt 3] is DENIED.

**C. Review of Plaintiff's Comlpaint**

Upon granting a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on Defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is

immune from such relief. The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Construing Plaintiff's complaint liberally, the Court finds Plaintiff's complaint is not frivolous.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* [dkt 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's application for appointment of counsel [dkt 3] is DENIED.

IT IS FURTHER ORDERED that the United States Marshal effectuate service of process on Defendants.

IT IS SO ORDERED.

                                                S/Lawrence P. Zatkoff  
                                                LAWRENCE P. ZATKOFF  
                                                UNITED STATES DISTRICT JUDGE

Dated: July 21, 2011

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 21, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290
